AMERICAN EXPRESS COMPANY *v.* UNITED STATES (No. 4652)[1]

United States Court of Customs and Patent Appeals, May 8, 1951

*Eugene R. Pickrell* (*Michael Stramiello Jr.* of counsel) for appellant.

*David N. Edelstein*, Assistant Attorney General (*Richard F. Weeks* and *Chauncey E. Wilowski*, special attorneys, of counsel), for the United States.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, rendered in conformity with its decision, C. D. 1249, 24 Cust. Ct. 290, overruling the protest of appellant claiming that certain imported merchandise invoiced as "nigapalm" fiber

[1] C. A. D. 456.

is free of duty as a fibrous vegetable substance, not dressed or manufactured in any manner, pursuant to paragraph 1684 of the Tariff Act of 1930. The merchandise was assessed with duty at the rate of 1 cent per pound as crin vegetal under the provisions of paragraph 1001 of the act.

The pertinent parts of the involved paragraphs read as follows:

Par. 1001. * * * crin vegetal, twisted or not twisted, 1 cent per pound * * * .

Par. 1684. Grasses and fibers: * * * and all other textile grasses or fibrous vegetable substances, not dressed or manufactured in any manner, and not specially provided for.

Two witnesses testified on behalf of appellant, and in addition, a deposition of the assistant manager of the exporter in Buenos Aires, Argentina, was read into the record. Three witnesses gave testimony on behalf of the Government. Three exhibits were received in evidence, one of which is a sample of the imported merchandise, the other two being of material conceded to be crin vegetal.

The exhibit taken from the importation is a loose bundle of fiber. One of the crin vegetal exhibits is in the form of a rope, loosely twisted upon itself, and the other, the same material after it has been untwisted and subjected to a process known as "picking." The last referred to exhibit is quite like coarse, curled hair. The term crin vegetal is a French expression which when translated means vegetable horsehair.

All of the witnesses were familiar with the buying and selling of vegetable fibers including crin vegetal.

It appears from the record made on behalf of appellant that the imported merchandise is used in the making of insulation pads, that is, a thin covering placed over the springs in a cushion or in an inner spring mattress. It is said to be insulating for the reason that it pads the ends of the springs. One of appellant's witnesses testified that if the imported merchandise were twisted he would call it crin vegetal and that it is palm fiber in its natural state and crin vegetal when twisted.

It appears in the testimony of witnesses for appellee that in their opinion the imported merchandise is crin vegetal crude and that it differs from the conceded crin vegetal exhibits merely in that the fibers of the latter are twisted. One witness for the Government testified that the sample of the imported merchandise was known in the trade as being "Carandy," palm, or African fiber, and also as crin vegetal.

The witnesses on behalf of appellant agreed with the definition of crin vegetal taken from Textile Fibers, 4th Edition, by Matthews, which reads as follows:

Crin vegetal is also a palm fiber employed as a substitute for horsehair in stuffing. It is obtained from a dwarf palm in Algeria, Chamaerops humilis. It is also

imported under the name of *African fiber*. The plant is a species of palmetto and the fiber is obtained by shredding the leaves. It comes into trade in the form of a loosely twisted rope, which when opened up gives a crinkled fiber somewhat resembling hair. It is used as a mattress fiber.

The evidence of the witnesses for the Government, without going into unnecessary detail, was unequivocally that the imported merchandise is crin vegetal.

In its decision the trial court held that the preponderance of evidence was in favor of the Government. It also quoted from the testimony of a representative of the National Association of Manufacturers of Crin Vegetal, which appears in the record made before the Committee of Ways and Means of the United States House of Representatives, 70th Congress (1927–1929), 2nd Session. The burden of the quoted material, in the opinion of the court, was to indicate that Congress had been informed that crin vegetal could be imported in not twisted as well as twisted form.

Of course, regardless as to any statement made before the committee such as that set out in the trial court's decision, the very reading of paragraph 1001 indicates that the Congress knew there was such a substance as crin vegetal and that it could be imported in either a twisted or not twisted condition. Prior to the Tariff Act of 1922, crin vegetal was not *eo nomine* provided for. It is quite clear to us that crin vegetal is a material that is different from other vegetable fibers. Otherwise, it would not be specially provided for.

It may be properly observed here that the common meaning of a descriptive term used in a tariff act is a matter of law to be decided by the court and that while the testimony of witnesses as to common meaning may be received, it is clearly advisory and the court is not bound by such testimony. *Stephen Rug Mills* v. *United States*, C. A. D. 293, 32 C. C. P. A. (Customs) 110. Therefore, neither the trial court nor this court is bound by the testimony appearing in the record.

In the Summary of Tariff Information, 1921, at page 1315, the following appears:

### "Crin Vegetal"

Description and uses.—Crin vegetal, sometimes called vegetable fiber, or vegetable horsehair, is made from the leaves of a wild dwarf palm. Algeria and Madagascar are the leading sources, exporting about 50,000 tons annually. The leaves grow abundantly and are picked by natives, treated and slightly dried, and sold to export firms on the seacoast. After a few days' exposure to the sun they are packed into bales weighting 200 to 265 pounds. The leaves are separated by a comb into long, flexible filaments, which are twisted into a rope. The fiber is used chiefly for stuffing furniture and mattresses. It is also used to some extent for brushes and brooms.

In the Summary of Tariff Information, 1929, on pages 1619 and 1620, appears the following:

Description and uses.—Crin vegetal, or vegetable curled hair, is obtained from the leaves of a hardy dwarf fan palm which is very abundant in Algeria and Tunis. The leaves are picked and then separated into filaments by being subjected to the action of a rapidly revolving cylinder, the surface of which is studded with spikes. The operation is facilitated by a jet of water playing on the leaves. The filaments or fibres thus obtained are twisted into a rope. When, after a time, the rope is untwisted, the fibre presents a crinkled appearance.

Crin vegetal finds its chief use as a stuffing material in the upholstering of furniture and as a mattress filler. For the latter purpose, it is particularly popular with steamship companies, as immigration regulations require that the filling material in mattresses be removed periodically and this material furnishes a satisfactory filler at a very low cost. It is also a repellant of vermin.

In the Standard Cyclopedia of Horticulture, Vol. II, by Professor L. H. Bailey, the following is found:

Crin vegetal is a fiber obtained from a small palm, *Chamoerops humilis*, native in Algeria and cultivated in Southern Europe. The leaves of the plant are shredded and the strands twisted into a coarse yarn, making, when picked open, an elastic material somewhat like curled hair.

A definition of crin vegetal also appears in Textile Fabrics, by Matthews, which has hereinbefore been quoted.

The author of the last named publication has been head of the Chemical and Dyeing Department, Philadelphia Textile School; Editor of Color Trade Journal & Textile Chemist; and Consulting Chemist to the Textile Industries.

It is trite to state, as has been held so often in customs litigation; that exhibits are potent witnesses. An examination of the sample of imported merchandise and the two exhibits conceded to be crin vegetal clearly shows a difference in color, in texture, and flexibility. The former is lighter in color than the latter and has the appearance of thin hay, while the fibers of the latter exhibits are of a very fine diameter, very flexible and clearly capable of being used in the upholstery business as a substitute for horsehair. In our opinion, it may not be said that the imported merchandise is suitable for such use.

It appears, even by one of the Government's witnesses, that the imported product is known to him as "Carandy fiber." That, in all likelihood, is his pronunciation of the word "Caranda." Caranda palm is defined in Webster's New International Dictionary, 1933 Edition, as "Carnauba." In the 1941 edition of Funk and Wagnall's New Standard Dictionary, the word "carnauba palm" is listed as "Copernicia cerifera." Clearly, the latter palm is not the same as the palm known as "Chamaerops humilis" from which, the record indicates, the conceded crin vegetal is obtained.

In view of the information that was before Congress, the definitions given in publications considered as authoritative in the fiber textile industry, a thorough examination of the exhibits, and what we find in the record, it is our opinion that the imported merchandise does not

respond to the definition of crin vegetal in its common meaning. Therefore, the goods should not have been classified as such.

For the reasons stated herein, the judgment of the United States Customs Court is *reversed* and the cause *remanded* for further proceedings not inconsistent with this opinion.

GARRETT, C. J., dissents.